SCHOTT, Judge,
concurring specially.
I agree and have joined in the majority opinion in this case, but wish to express some additional views on the case.
Today Art. 229 seems to be anachronistic. At that point in time when its predecessor article was placed in the Code Napoleon there was surely a great deal more collegiality and familiarity between grandparents and grandchildren than there is today, just as family ties in general were stronger with much more intimate relationships existing among children, parents and grandparents. The latter’s obligation to provide some support was counter-balanced by some recognition of their authority, some respect for their opinions and some inclination to heed their advice.
It suffices to say that these attitudes and relationships have changed considerably. When children decide to get married and have their own children the parents, i. e., the grandparents-to-be, have little if anything to do with the decision. Even the sense of responsibility on the part of parents for their own children has been weakened in our society. Thus, it seems anomalous to saddle grandparents with the responsibility for their grandchildren in an age when the family as an institution is threatened and the notion of the grandfather as the family patriarch has been rejected.
Nonetheless, Art. 229 is a part of our law and must be enforced by our courts. However, I would apply it sparingly and only where the grandchildren are in dire need and parental responsibility has been exhausted. Plaintiff has not made such proof and on that basis alone I would reverse the judgment appealed from.
But what is perhaps more important in this case, the defendant grandfather was deprived of fundamental due process as a result of the procedural posture of the case in the trial court. The award to plaintiff of child support was based on a trial in Jefferson Parish in proceedings to which the grandfather was not a party. Four months later, as a defendant in these proceedings in Orleans Parish, he was faced with a ruling by the trial judge that the ability of the parents to support the children was irrelevant, viz:
“ . . . I concluded that [the judge in Jefferson Parish] found that that was as much as the father could afford. Now, on that basis my only job is to determine what need remains unsatisfied and can Mr. Airhart meet that need.”
In other words, defendant was bound by a prior determination in a case in which he was not a party. He was not afforded an opportunity , in an adversary proceeding to prove that plaintiff could work to meet the needs of the children or indeed that his own son, the father of the children, could take on additional work to support his children. Since defendant’s obligation is secondary to the obligation of the parents he should be afforded a trial adverse to both parents and a determination should be made that the parents are doing all they possibly can for the children before he, the grandfather, should be made to pay.